FÉLICITÉ VERDUN *v.* ALEXANDER R. SPLANE.

A mother, a slave, having been emancipated, her infant child, about eight months old, was suffered to remain with her until the death of her former owner, when the child was sold with the other property'of the deceased. The child was then about twelve or thirteen years old. *Held,* that the circumstance of the child's being left with its mother at so tender an age, cannot be considered as evidence of an intention to permit the enjoyment of liberty, within the meaning of art. 3510 of the Civil Code; and that the prescription of ten years established by that article is not applicable to such a case.

APPEAL from the District Court of Terrebonne, *Deblieux,* J. *Thibodeaux* and *Cole,* for the plaintiff.

*J. C. Beatty,* for the appellant. Till the age of ten, the master was compelled to leave the infant with its mother. B. & C.'s Dig. 49. Art. 3510 of the Civil Code is inapplicable here, the child not being in the enjoyment of its freedom. *Hart* v. *Foley,* 1 Robinson, 378.

MARTIN, J. The defendant is appellant from a judgment, which declares Simeon, the son of the plaintiff, an emancipated woman of color, to be free. The record shows that Simeon was born before the emancipation of his mother; but it is contended that he has acquired his freedom by prescription; and this is the only question which this case presents for our solution.

The record shows that Simeon was born on the 10th August, 1827, and at the inception of the present suit, (24th of September, 1842,) was barely 15 years of age; the plaintiff, his mother, having been emancipated on the 3d of April, 1828, about eight months after his birth. This age is taken from the baptismal register; but as he was not baptized until about a year after his birth, witnesses were examined with regard to his age; but their testimony does not diminish the evidence resulting from the priest's certificate. His mother, being free, was permitted to raise him during the life of her former owner, on whose death, Simeon was sold with the other slaves of the estate, and purchased by his mother, the present plaintiff; he then being about 12 or 13 years of age. Several witnesses have sworn that Simeon was always considered as a free boy; and it has been urged that his owner lost every

Verdun v. Splane.

right to claim him as a slave, because he suffered him to enjoy his liberty for ten years. Civil Code, art. 3510. His mother, having been emancipated when he was about eight months old, his being left with her to be suckled and raised, cannot be offered as evidence of the master's suffering him to enjoy his liberty. She had been a meritorious slave, and had been rewarded by her emancipation. It would have been cruel, and absolutely inconsistent with the feelings which induced the master to emancipate her, to deprive her of the gratification of raising a child of so tender an age; and his conduct must be viewed as a proper indulgence, rather than as evincing any intention of suffering the child to enjoy his liberty. Indeed, at so tender an age, he could enjoy no liberty. The mother and present plaintiff, did not consider him as a free person at the death of her former master; for she did not oppose his being dealt with, and inventoried, as the other slaves of the estate, but actually purchased him, and gave notes, with the required security, for the price.

We are of opinion, that the circumstance of the child being permitted by the deceased to remain with his mother, an emancipated slave of his, was improperly considered as evidence of a sufferance of the enjoyment of his liberty, so as to destroy the right of the heirs to claim him as a slave.

The plaintiff has claimed in reconvention, and in deduction from her notes, an allowance for raising the child from the date of her emancipation until the day of sale. It appears to us, that during the latter part of the time, the expenses of his support were more than compensated by the services he was capable of rendering; and that during the first part, as nothing shows that she considered him as free, and as she never applied for any compensation, she either received one, or thought she was not entitled to any.

It is, therefore, ordered, that the judgment be annulled and reversed, and that the injunction issued in this case be dissolved, with costs in both courts.